BWW#: 112976

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN RE: | Case No. 11-18138-RGM |
| NORMAN DAVID WOLF | |
| DAYLENE WOLF | |
|    Debtors | Chapter 7 |

_____

JPMORGAN CHASE BANK, N.A.
   Movant

vs.

NORMAN DAVID WOLF
DAYLENE WOLF
   Debtors/Respondents

and

JANET M. MEIBURGER
   Trustee/Respondent

_____

## MOTION FOR RELIEF FROM AUTOMATIC STAY

    COMES NOW, JPMorgan Chase Bank, National Association (the "Movant"), by and through counsel, Stephen B. Wood and BWW Law Group, LLC and respectfully represents as follows:

    1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

    2. Movant is a mortgage lender.

    3. On or about November 11, 2011, Norman David Wolf and Daylene Wolf (the "Debtors") filed a voluntary petition for relief in this Court under Chapter 7 of the United States Bankruptcy Code.

    4. Janet M. Meiburger is the Trustee of the Debtors' bankruptcy estate.

    5. At the time of the initiation of the bankruptcy proceedings, the Debtors owned a parcel of real estate located in Stafford County, Virginia, and improved by a residence known as 1 Sharpsburg Lane, Fredericksburg, VA 22405 (the "Property").

    6. The Property is encumbered by a Deed of Trust dated April 12, 2008, securing the Movant, and recorded among the land records of the jurisdiction in which all or part of the Property lies (the "Deed of Trust").  (A copy of the Deed of Trust is attached hereto and filed as Exhibit "1").

Stephen B. Wood, VSB #26518
8100 Three Chopt Rd., Suite 240
Richmond, VA 23229
(804) 282-0463
Attorney for the Movant

7. The Deed of Trust secures payment of a promissory note in the original principal amount of $361,147.00 now payable to Movant (the "Note"). (A copy of the Note is attached hereto and filed as Exhibit "2").

8. The Debtors are in default under the terms of the Note and Deed of Trust. The Movant has accelerated the entire balance of the Note and Deed of Trust, and interest continues to accrue on a daily basis.

9. The amount due to the Movant under the terms of the Note as of January 31, 2012 is approximately $411,419.59, plus per diem interest and other advances made by the Movant (i.e., taxes, insurance), as well as attorney's fees and court costs related to this motion. (A Total Debt Worksheet is attached hereto and filed as Exhibit "3").

10. The Debtors are contractually due and owing for the May 01, 2010 payment and all payments thereafter. Debtors have failed to make 21 monthly payments in the total amount of $62,144.58.

11. The Property is not necessary for an effective reorganization by the Debtors.

12. The Movant believes and avers that there is no equity in the Property because the total liens against the Property will effectively exceed the value of the Property. The Debtors have scheduled the Property with a market value of $246,100.00 in their filed Schedules. The fair market value of the Property at this time will not likely support a value that is more than the aggregate amount of the outstanding lien(s) encumbering the Property.

13. The Movant lacks adequate protection of its interest in the Property. The Movant has been and continues to be irreparably injured by the stay of 11 U.S.C. §362(a) of the Bankruptcy Code which prevents Movant from enforcing its rights under the Note and Deed of Trust. Cause exists for lifting the automatic stay imposed by 11 U.S.C. §362(a) of the Bankruptcy Code, to enable the Movant to enforce its rights under the terms of the Note and Deed of Trust.

WHEREFORE, the Movant prays that this Court:

1. Enter an order, pursuant to 11 U.S.C. §362(d), lifting the automatic stay imposed by 11 U.S.C. §362(a) of the Bankruptcy Code, to enable Movant to enforce the lien of its Deed of Trust encumbering the Property, and to exercise all of the rights and remedies available to Movant pursuant to applicable state law and the terms of the Deed of Trust and Note; and

2. Grant such other and further relief as necessary.

**NOTICE TO ALL PARTIES SERVED:**
YOU SHALL HAVE FOURTEEN (14) DAYS FROM THE DATE OF SERVICE OF THIS MOTION IN WHICH TO FILE WITH THE COURT A WRITTEN RESPONSE, WITH A COPY TO THE MOVANT.

Dated: January 13, 2012                             Respectfully Submitted,

**BWW Law Group, LLC**

　/s/ *Stephen B. Wood*
Stephen B. Wood, VSB #26518
BWW Law Group, LLC
8100 Three Chopt Rd., Suite 240
Richmond, VA 23229
(804) 282-0463
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Attorney for the Movant*

## CERTIFICATE OF SERVICE

I certify that on this 13th day of January, 2012, the following person(s) were served electronically via the CM/ECF system or were mailed a copy of the foregoing Motion for Relief from Automatic Stay by first class mail, postage prepaid:

Janet M. Meiburger, Trustee
1493 Chain Bridge Road, Suite 201
McLean, VA  22101

Robert John Barlow, Esq.
Law Offices of Robert J. Barlow, P.L.C.
P.O. Box 8
Fredericksburg, VA  22404

Norman David Wolf
1 Sharpsburg Lane
Fredericksburg, VA  22405

Daylene Wolf
1 Sharpsburg Lane
Fredericksburg, VA  22405

　/s/ *Stephen B. Wood*
Stephen B. Wood